**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEFFREY LESNIK, | Case No. 18-cv-3656 |
| Plaintiff, | **ANSWER AND DEFENSES** |
| -against- | |
| LINCOLN FINANCIAL ADVISORS CORPORATION, | |
| Defendant. | |

Defendant Lincoln Financial Advisors Corporation (referred to herein as "Defendant"), by and through its undersigned attorneys, respectfully submits the following Answer and Defenses to Plaintiff Jeffrey Lesnik's ("Plaintiff") Verified Complaint ("Complaint") in the above-captioned action.

1.     Defendant denies the allegations set forth in Paragraph "1" of Plaintiff's Complaint, except avers that Plaintiff brings this action under §525 of the Bankruptcy Code

### AS TO "THE PARTIES, JURISDICTION AND VENUE"

2.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "2" of Plaintiff's Complaint, except admits that Plaintiff was a stockbroker.

3.     The allegations contained in Paragraph "3" of Plaintiff's Complaint state conclusions of law to which no response is required.

1

4.     The allegations contained in Paragraph "4" of Plaintiff's Complaint state conclusions of law to which no response is required.

### AS TO "FACTUAL ALLEGATIONS"

5.     Defendant repeats and realleges each and every statement contained in its responses to Paragraphs "1" through "4" of Plaintiff's Complaint, as though set forth at length herein.

6.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "6" of Plaintiff's Complaint.

7.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "7" of Plaintiff's Complaint.

8.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "8" of Plaintiff's Complaint.

9.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "9" of Plaintiff's Complaint.

10.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "10" of Plaintiff's Complaint.

11.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "11" of Plaintiff's Complaint, except avers upon information and belief that Plaintiff participated in an arbitration with Well Fargo.

12.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "12" of Plaintiff's Complaint, except avers upon information and belief that the arbitrator ruled in favor of Wells Fargo and against Plaintiff and admits that on or about July 14, 2017, Plaintiff advised Defendant that he lost the arbitration and that he was advised to seek bankruptcy protection by his attorney.

13.    Defendant denies the allegations set forth in Paragraph "13" of Plaintiff's Complaint.

14.    Defendant denies the allegations set forth in Paragraph "14" of Plaintiff's Complaint.

15.    Defendant denies the allegations set forth in Paragraph "15" of Plaintiff's Complaint and refers the Court to the letter dated November 16, 2017 attached to Plaintiff's Complaint for its true and accurate content

16.    Defendant denies the allegations set forth in Paragraph "16" of Plaintiff's Complaint.

17.    Defendant denies the allegations set forth in Paragraph "17" of Plaintiff's Complaint.

18.     Defendant denies the allegations set forth in Paragraph "18" of Plaintiff's Complaint.

19.     Defendant denies the allegations set forth in Paragraph "19" of Plaintiff's Complaint.

20.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "20" of Plaintiff's Complaint.

21.     Defendant denies the allegations set forth in Paragraph "21" of Plaintiff's Complaint.

22.     Defendant denies the allegations set forth in Paragraph "22" of Plaintiff's Complaint.

23.     Defendant denies the allegations set forth in Paragraph "23" of Plaintiff's Complaint.

24.     The allegations contained in Paragraph "24" of Plaintiff's Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph "24" of Plaintiff's Complaint, except avers that the IRS test for whether an individual is an independent contractor or an employee is a multi-part test.

25.      The allegations contained in Paragraph "25" of Plaintiff's Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph "25" of Plaintiff's Complaint.

4

26.     Defendant denies the allegations set forth in Paragraph "26" of Plaintiff's Complaint.

27.     The allegations contained in Paragraph "27" of Plaintiff's Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph "27" of Plaintiff's Complaint, except avers that Plaintiff has accurately quoted from the Department of Labor Regulation, 29 C.F. R. §541.203(b).

28.     Defendant denies the allegations set forth in Paragraph "28" of Plaintiff's Complaint.

29.     Defendant   denies the allegations contained in Paragraph "29" of Plaintiff's Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that he "fell into a relapse of alcohol abuse," "went into a rehab for a period," and that he is on anti-depressants.

### AS TO "FIRST CAUSE OF ACTION
### VIOLATION OF 11 U.S.C. § 525"

30.     Defendant repeats and realleges each and every statement contained in its responses to Paragraphs "1" through "29" of Plaintiff's Complaint, as though set forth at length herein.

31.     Defendant denies the allegations set forth in Paragraph "31" of Plaintiff's Complaint.

32.     The allegations contained in Paragraph "32" of Plaintiff's Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph "32" of Plaintiff's Complaint.

33.     Defendant denies the allegations set forth in Paragraph "33" of Plaintiff's Complaint.

## AS TO "SECOND CAUSE OF ACTION
## CREDIT HISTORY DISCRIMINATION
## NEW YORK CITY HUMAN RIGHTS LAW"

34.     Defendant repeats and realleges each and every statement contained in its responses to Paragraphs "1" through "33" of Plaintiff's Complaint, as though set forth at length herein.

35.     The allegations contained in Paragraph "35" of Plaintiff's Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph "35" of Plaintiff's Complaint.

36.     Defendant denies the allegations set forth in Paragraph "36" of Plaintiff's Complaint.

## AS TO "THIRD CAUSE OF ACTION
## FAIR LABOR STANDARDS"

37.     Defendant repeats and realleges each and every statement contained in its responses to Paragraphs "1" through "36" of Plaintiff's Complaint, as though set forth at length herein.

38.     Defendant denies the allegations set forth in Paragraph "38" of Plaintiff's Complaint.

39.     Defendant denies the allegations set forth in Paragraph "39" of Plaintiff's Complaint.

40.     Defendant denies the allegations set forth in Paragraph "40" of Plaintiff's Complaint.

41.     Defendant denies the allegations set forth in Paragraph "41" of Plaintiff's Complaint.

42.     The allegations contained in Paragraph "42" of Plaintiff's Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph "42" of Plaintiff's Complaint.

43.     The allegations contained in Paragraph "43" of Plaintiff's Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant admitsthe allegations set forth in Paragraph "43" of Plaintiff's Complaint, except denies that Defendant employed Plaintiff within the meaning of 29 U.S.C. §§203 and 206.

44.     The allegations contained in Paragraph "44" of Plaintiff's Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph "44" of Plaintiff's Complaint.

45.     Defendant denies the allegations set forth in Paragraph "45" of Plaintiff's Complaint.

46.     Defendant denies the allegations set forth in Paragraph "46" of Plaintiff's Complaint.

47.     Defendant denies the allegations set forth in Paragraph "47" of Plaintiff's Complaint.

## AS TO "FOURTH CAUSE OF ACTION
## NEW YORK LABOR LAW ARTICLE 19 – MINIMUM WAGE"

48.     Defendant repeats and realleges each and every statement contained in its responses to Paragraphs "1" through "47" of Plaintiff's Complaint, as though set forth at length herein.

49.     Defendant denies the allegations set forth in Paragraph "49" of Plaintiff's Complaint.

50.     Defendant denies the allegations set forth in Paragraph "50" of Plaintiff's Complaint.

51.     The allegations contained in Paragraph "51" of Plaintiff's Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph "51" of Plaintiff's Complaint.

52.     Defendant denies the allegations set forth in Paragraph "52" of Plaintiff's Complaint.

53.     Defendant denies the allegations set forth in Paragraph "53" of Plaintiff's Complaint.

54.     Defendant denies the allegations set forth in Paragraph "54" of Plaintiff's Complaint.

55.     Defendant denies the allegations set forth in Paragraph "55" of Plaintiff's Complaint.

8

**AS TO "FIFTH CAUSE OF ACTION**
**NEW YORK LABOR LAW-UNLAWFUL PAY DEDUCTIONS"**

56.     Defendant repeats and realleges each and every statement contained in its responses to Paragraphs "1" through "55" of Plaintiff's Complaint, as though set forth at length herein.

57.     The allegations contained in Paragraph "57" of Plaintiff's Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph "57" of Plaintiff's Complaint.

58.     The allegations contained in Paragraph "58" of Plaintiff's Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph "58" of Plaintiff's Complaint.

59.     Defendant denies the allegations set forth in Paragraph "59" of Plaintiff's Complaint.

60.     Defendant denies the allegations set forth in Paragraph "60" of Plaintiff's Complaint.

61.     Defendant denies the allegations set forth in Paragraph "61" of Plaintiff's Complaint.

62.     Defendant denies the allegations set forth in Paragraph "62" of Plaintiff's Complaint.

63.     Defendant denies the allegations set forth in Paragraph "63" of Plaintiff's Complaint.

64.     Defendant denies the allegations set forth in Paragraph "64" of Plaintiff's Complaint.

65.     Defendant denies the allegations set forth in Paragraph "65" of Plaintiff's Complaint.

## AS TO "SIXTH CAUSE OF ACTION
## NEW YORK LABOR LAW – RECORDKEEPING VIOLATIONS"

66.     Defendant repeats and realleges each and every statement contained in its responses to Paragraphs "1" through "65" of Plaintiff's Complaint, as though set forth at length herein.

67.     Defendant denies the allegations set forth in Paragraph "67" of Plaintiff's Complaint.

68.     Defendant denies the allegations set forth in Paragraph "68" of Plaintiff's Complaint.

69.     Defendant denies the allegations set forth in Paragraph "69" of Plaintiff's Complaint.

70.     Defendant denies the allegations set forth in Paragraph "70" of Plaintiff's Complaint.

71.     Defendant denies the allegations set forth in Paragraph "71" of Plaintiff's Complaint.

## AS TO "SEVENTH CAUSE OF ACTION
## UNJUST ENRICHMENT"

72.     Defendant repeats and realleges each and every statement contained in its responses to Paragraphs "1" through "71" of Plaintiff's Complaint, as though set forth at length herein.

73.     Defendant denies the allegations set forth in Paragraph "73" of Plaintiff's Complaint.

74.     Defendant denies the allegations set forth in Paragraph "74" of Plaintiff's Complaint.

75.     Defendant denies the allegations set forth in Paragraph "75" of Plaintiff's Complaint.

76.     Defendant denies the allegations set forth in Paragraph "76" of Plaintiff's Complaint.

## AS TO "EIGHTH CAUSE OF ACTION DEFAMATION OR SLANDER PER SE"

77.     Defendant repeats and realleges each and every statement contained in its responses to Paragraphs "1" through "76" of Plaintiff's Complaint, as though set forth at length herein.

78.     Defendant denies the allegations set forth in Paragraph "78" of Plaintiff's Complaint.

79.     Defendant denies the allegations set forth in Paragraph "79" of Plaintiff's Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's response to an unidentified complaint and FINRA's actions or inaction.

11

80.     Defendant denies the allegations set forth in Paragraph "80" of Plaintiff's Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations concerning his attempts to obtain a letter allegedly sent to FINRA in December 2017.

81.     Defendant denies the allegations set forth in Paragraph "81" of Plaintiff's Complaint.

## AS TO "EIGHTH CAUSE OF ACTION
## INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE"

82.     Defendant repeats and realleges each and every statement contained in its responses to Paragraphs "1" through "81" of Plaintiff's Complaint, as though set forth at length herein.

83.     Defendant denies the allegations set forth in Paragraph "83" of Plaintiff's Complaint.

84.     Defendant denies the allegations set forth in Paragraph "84" of Plaintiff's Complaint.

85.     Defendant denies the allegations set forth in Paragraph "85" of Plaintiff's Complaint.

86.     Defendant denies the allegations set forth in Paragraph "86" of Plaintiff's Complaint.

87.     Defendant denies the allegations set forth in Paragraph "87" of Plaintiff's Complaint.

88.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "88" of Plaintiff's Complaint, except denies that Plaintiff is entitled to any redress.

## AS AND FOR DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have. Defendant reserves the right to assert additional defenses as they may become known during the course of discovery and trial preparation or otherwise.

## AS AND FOR DEFENDANT'S FIRST DEFENSE

Plaintiff's Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted or for which the relief or recovery sought can be awarded.

## AS AND FOR DEFENDANT'S SECOND DEFENSE

At all times relevant hereto, Defendant has acted in good faith and has not violated any rights which may be secured to Plaintiff under federal, state or local laws, rules, regulations or guidelines.

## AS AND FOR DEFENDANT'S THIRD DEFENSE

Any and all actions taken by Defendant were taken for legitimate, non-discriminatory reasons, and would have been taken regardless of Plaintiff's bankruptcy filing or credit history.

## AS AND FOR DEFENDANT'S FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer

any damages attributable to any allegedly wrongful conduct by Defendant and/or any damages or injuries were caused by Plaintiff's own conduct or the conduct of third parties.

### AS AND FOR DEFENDANT'S FIFTH DEFENSE

Plaintiff was in an independent contractor relationship with Defendant pursuant to an independent contractor agreement and was not an employee as defined by 11 U.S.C. 525.

### AS AND FOR DEFENDANT'S EIGHTH DEFENSE

Plaintiff is not entitled to recover any punitive damages against Defendant because, *inter alia*, Defendant acted in good faith and did not commit, ratify, authorize or acquiesce in any malicious, willful, or reckless acts or omissions.

### AS AND FOR DEFENDANT'S NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by equitable principles, including but not limited to, waiver, estoppel, consent, laches, duress, illegality, license, payment, release, the after-acquired evidence doctrine, and/or the unclean hands doctrine.

### AS AND FOR DEFENDANT'S TENTH DEFENSE

Plaintiff's claim for defamation is barred to the extent any alleged statements were true and are therefore, are not actionable.

### AS AND FOR DEFENDANT'S ELEVENTH DEFENSE

Defendant's communications concerning Plaintiff were made without malice between persons with a legitimate interest in the subject matter and were thereby protected by a qualified privilege.

### AS AND FOR DEFENDANT'S TWELFTH DEFENSE

Plaintiff's claim for Unjust Enrichment is barred by the doctrine of unclean hands.

14

### AS AND FOR DEFENDANT'S THIRTEENTH DEFENSE

Plaintiff's claims for damages are barred or limited by Defendant's good faith efforts to comply with applicable law.

### AS AND FOR DEFENDANT'S FOURTEENTH DEFENSE

Payments to Plaintiff were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or New York State Department of Labor.

### AS AND FOR DEFENDANT'S FIFTEENTH DEFENSE

Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA and the New York Labor Law.

### AS AND FOR DEFENDANT'S SIXTEENTH DEFENSE

Plaintiff cannot establish a willful violation under the FLSA or the New York Labor Law.

### AS AND FOR DEFENDANT'S SEVENTEENTH DEFENSE

Plaintiff's claims are barred because they were exempt from the overtime and minimum wage requirements of the FLSA and New York Labor Law.

### AS AND FOR DEFENDANT'S EIGHTEENTH DEFENSE

Any claims against Defendant fail because Defendant was not Plaintiff's employer within the meaning of the FLSA or New York Labor Law.

WHEREFORE, Defendant prays that the Court:

1.      Dismiss Plaintiff's Complaint, in its entirety, with prejudice;

2.      Denies each and every demand, claim and prayer for relief contained in

Plaintiff's Complaint;

3.      Award Defendant its reasonable attorneys' fees and costs incurred in

defending against this meritless and vexatious action; and

4.      Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017
(212) 545-4000

Dated: June 11, 2018                    By:     s/Diane Windholz_____
        New York, New York                          Diane Windholz
                                               Johanna Sanchez
                                               ATTORNEYS FOR DEFENDANT