

March 29, 2019

**VIA ECF**

ATTN: Hon. Paul A. Crotty
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Courtroom 14C
New York, NY 10007

    Re:        *Jeffrey Lesnik v Lincoln Financial Advisors Corp*.
                Civil Index No: 1:18-cv-03656-PAC

Dear Judge Crotty:

      This firm represents the Plaintiff in the above-referenced matter. The Plaintiff hereby submits this letter pursuant to Your Honor's Rule 3C and Local Civil Rule 37.2 to address the outstanding discovery disputes between the parties and to respectfully request that Your Honor schedule a pre-motion discovery telephone conference as soon as Your Honor is available. Per Your Honor's Rules, Plaintiff certifies that the attorneys met and conferred telephonically today, March 29, 2019, yesterday, March 28, 2018 and on numerous other occasions in the preceding days and weeks to try to resolve the outstanding discovery disputes in this matter. Despite doing so, the following issues identified in the numerous phone calls and email messages between Plaintiff's and Defendant's attorneys remain in dispute.

      I write this letter as of 8:45pm on the last day of fact discovery and hereby request that the court hold open the discovery period for the specific purpose to allow time for Defendant to produce the information and documents articulated herein and I hereby request that the Court issue an order compelling the production of the information and documents articulated herein.

      As of this writing, Defendant has yet to produce much of the discovery they have already agreed to produce. Defendant has stated that there are "thousands of documents" being prepared to produce and that documents would be produced on a "rolling basis". I have only just now received two emails from Defendant with links to documents. Obviously there is no longer time

to identify and communicate any deficiencies in the discovery Defendants only produced moments ago.

Despite significant effort on the part of both parties to come to a resolution there remain a number of unresolved document discovery disputes that require the Court's intervention. Specifically, the parties are at odds with respect to the following issues:

1. Defendant's improper refusal to provide answers to two specific and pointed interrogatories. To wit:
    a. Total number of surveillance letters (in the form of email correspondence) sent to all Financial Advisors by any "Surveillance Analyst" on an annual basis for 2015, 2016 and 2017
    b. Total number financial advisors registered with Defendant per year for 2015, 2016 and 2017.
2. Defendants refusal to provide timely responses to the following requests:
    a. All emails to/from Scott Fox and anyone with the title "Surveillance Analyst", including emails with the subject line: Request for additional information" aka surveillance letters.  This could all likely be located in Scott Fox's inbox
    b. All direct communications between Scott Fox and any member of the "Compliance Group" already identified wherein Fox is asked to explain, justify or address sales practice issues or any other transactions or trades.  This could certainly all be located in Scott Fox's inbox.
    c. All annual audits for witness Scott Fox
    d. All communications in possession of Defendant that contain both of the terms "Scott Fox" and "FINRA"
    e. The NYC office audit reports pulled by the witness Joe Breakstone, which he referenced in his deposition stating that it "only took a few minutes" to pull up.
    f. The written policy regarding criteria for financial advisors to be placed on a Plan of Heightened Supervision, also referenced in the witness' testimony today (this is covered by Plaintiff's First Set of Document Demands).

    g. Identify all individuals who filed for bankruptcy during Plaintiff's association with LFA for the 3 years prior to Plaintiff's registration from Dec. 2011 up to Dec. 2018

    h. For the individuals identified who filed for bankruptcy, any emails between the bankruptcy applicant and anyone in compliance or the BCC members (if presented before the BCC) regarding their performance issues.

    I hereby respectfully request the Court's assistance in making sure that Defendant comply with their obligations to produce the documents and information requested and which they are required to produce under the applicable rules.

    I thank the Court for its time and attention to this matter.

*Respectfully submitted,*

DEREK SMITH LAW GROUP, PLLC
*Attorneys for Claimant*

Seamus P. Barrett, Esq.

CC to all counsel of record via ECF