UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

JEFFREY LESNIK,

    *Plaintiff*,

-*against*-

LINCOLN FINANCIAL ADVISORS
CORPORATION,

    *Defendant*.

------------------------------------------------------------X

1:18-cv-03656 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Jeffrey Lesnik ("Plaintiff" or "Lesnik") moves pursuant to Federal Rule of Civil Procedure 15(a) for leave to amend his Complaint. The motion is DENIED.

## BACKGROUND

Plaintiff Lesnik seeks leave to amend his Complaint to: (1) bring the Complaint into conformity with facts allegedly uncovered in discovery; (2) remove three causes of action from the original Complaint; and (3) add three new causes of action. Dkt. 44; Dkt. 45, at 3.

In his initial Complaint, dated April 25, 2018, Lesnik alleged that Defendant Lincoln Financial Advisors Corporation ("Lincoln Financial") misclassified him as an independent contractor and terminated him in violation of 11 U.S.C. § 525. Dkt. 4, at 1. He alleged eight additional causes of action: (1) credit history discrimination in violation of the New York City Human Rights Law; (2) Fair Labor Standards Act violations; (3) minimum wage claims, (4) unlawful pay deductions, and (5) recordkeeping violations under the New York Labor Law; (6) unjust enrichment; (7) defamation or slander per se; and (8) interference with prospective

economic advantage. *Id.* at 9–18. Plaintiff's counsel was replaced on September 24, 2018. Dkts. 21, 23.

Five months later, in a February 14, 2019 email to Defendant's counsel, Plaintiff's new counsel requested Defendant's consent to amend the Complaint, stating that it contained "numerous false statements of material fact . . . and inapplicable and inaccurate statements of law." Dkt. 47, Ex. A, at 1. Plaintiff's counsel blamed those deficiencies on Plaintiff's prior counsel. *Id.* Plaintiff's counsel indicated that any amendment would be to "correct factual errors and discrepancies in the record and make the operative complaint accurate and cogent for all parties as well as the court." *Id.* The Defendant declined to consent without first seeing a copy of the proposed amended complaint, which Plaintiff refused to provide. Dkt. 39, at 2–3; Dkt. 47, Ex. B, at 1. Plaintiff subsequently agreed to provide a draft, but then did not forward the document until more than a month later. Dkt. 39, at 3. When he did provide a copy of the proposed amended complaint to Defendant's counsel on March 28, Plaintiff's counsel stated that "my obligations to my client require that I add applicable causes of action originally not included in the initial complaint by Plaintiff's previous attorney." Dkt. 47, Ex. C, at 1.

On March 29, a month and a half after indicating that any amendment would be to correct inaccurate facts and that "[n]o new cause of action and no new facts that are not already in the record will be added," Plaintiff requested leave to amend the Complaint to add new claims for breach of contract, actual fraud, and fraud in the inducement. Dkt. 36; Dkt. 46, at 2–3.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that, outside certain time periods, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[D]enial of leave to amend is proper if amendment would be futile. In particular, '[a] plaintiff need not be given leave to amend if it fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint." *Attestor Value Master Fund v. Republic of Argentina*, 940 F.3d 825, 833 (2d Cir. 2019) (quoting *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014)) (internal citations omitted). "[T]he decision whether to grant or deny leave to amend is within the sound discretion of the district court," and "refusal to grant leave must be based on a valid ground." *BNP Paribas Mortg. Corp. v. Bank of America, N.A.*, 866 F. Supp. 2d 257, 263 (S.D.N.Y. 2012).

A court should grant leave to amend "[i]n the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Other factors that may be considered include the length of the delay, the judicial and party resources that have been expended, and any tactical behavior evident in the plaintiff's request for leave to amend." *BNP Paribas*, 866 F. Supp. 2d at 263. "In gauging prejudice, [a court may] consider, among other factors, whether an amendment would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" *Ruotolo v. City of New York*, 514

F.3d 184, 192 (2d Cir. 2008) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1990)).

A district court may deny leave to amend "where the belated motion would unduly delay the course of proceedings by, for example, introducing new issues for discovery." *Grace v. Rosenstock*, 228 F.3d 40, 54 (2d Cir. 2000). "The burden is on the party who wishes to amend to provide a satisfactory explanation for the delay." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) (internal citations omitted).

**II. Analysis**

The record in this case shows both undue delay and undue prejudice to the Defendant. *See SCS Commc'ns, Inc. v. Herrick Co., Inc.*, 360 F.3d 329, 345 (2d Cir. 2014) ("[L]eave to amend a pleading may *only* be given when factors such as undue delay or undue prejudice to the opposing party are absent.") (emphasis in original); *Ruotolo*, 514 F.3d at 191–92.

**A. Undue Delay**

"The court plainly has discretion . . . to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Cresswell*, 922 F.2d at 72. Plaintiff's explanations for the delay here have been many, shifting, and unsatisfactory.

Plaintiff contends that the new causes of action he seeks to add "only came to light thirty calendar days before Plaintiff sought relief from this Court to Amend the Complaint." Dkt. 45, at 5. Plaintiff states that he "did not believe it would be necessary or appropriate to assert a claim for breach of contract and fraud in this matter, that is, until further facts were revealed through discovery in deposition testimony of witness Mitchell Scher on February 26, 2019 and

4

documents produced by Defendants the following day on February 27." *Id.* Yet even in his March 29, 2019 letter seeking leave to file an amended complaint, Plaintiff continued to state only that the Complaint "omit[ted] numerous causes of action," and that he wanted to amend to "clarify the record" and provide the Court with an "accurate and complete view of the facts and circumstances," instead of making a forthright argument that new causes of action needed to be added.[1] Dkt. 36, at 1. Plaintiff's counsel continued to characterize the need to amend as primarily motivated by a need to correct factual material that was "erroneous . . . extraneous, misleading and useless." *Id.* at 2.

Simply put, the 30-day span of time the Plaintiff points to here, between when Plaintiff allegedly discovered the new causes of action and the time he filed this motion for leave to amend, is not an accurate measure of the period of delay in this case. Plaintiff's counsel was aware of the need to amend factual errors in the Complaint from the time of his appointment in September 2018, and had expressed his intention to do so to Defendant's counsel during the lengthy discovery period. Dkt. 47, Exs. A, B. The pertinent period of delay stretches at least that far back. Further, the Complaint is the Plaintiff's, not his counsel's, and the Plaintiff sought leave to amend eleven months after filing his Complaint. In short, Plaintiff provides no "satisfactory explanation" for why he waited to move for leave to amend. *Cresswell*, 922 F.2d at 72.

### B. Undue Prejudice

Although undue delay, "'absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend,'" *United States ex. rel. Raffington*

---

[1] The letter motion did include a copy of the Proposed Amended Complaint, which included the three new causes of action. Dkt. 36, Ex. A.

5

*v. Bon Secours Health System, Inc.*, 285 F. Supp. 3d 759, 766 (S.D.N.Y. 2018) (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)), the Court also finds undue prejudice here. Prejudice is found where "the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block*, 988 F.2d at 344.

On September 27, 2018, Plaintiff's new counsel requested a 60-day extension, which the Court granted, for all deadlines in order to get acquainted with the case. Dkt. 45, at 5. Plaintiff requested an additional 30-day extension of discovery deadlines on January 24, 2019, and this was also granted. Dkt. 46, at 2. Plaintiff requested another discovery extension, which the Court granted on February 27, 2019, this time adding that "[t]here [would] be no further extensions." *Id.* Plaintiff then moved for leave to amend the Complaint on March 29, 2019, immediately before the scheduled end of discovery. Dkt. 46, at 2; Dkt. 45, at 5.

Here, granting leave to amend the Complaint would prejudice the Defendant by forcing the re-taking of numerous depositions, where "none of [those so far taken] covered the topics necessary for Defendant to defend against the new proposed causes of action." Dkt. 46, at 7; *see* Dkt. 45, at 10 (acknowledging that "Plaintiff requested leave to amend on the eve of the close of fact discovery"). "To date, Defendant has responded to five sets of Document Demands, two sets of Interrogatories and has produced nearly 20,000 pages of documents/emails," in addition to deposing the Plaintiff and defending in the depositions of four other witnesses. Dkt. 46, at 7. Granting the Plaintiff leave to amend would be to restart the clock on discovery, undoubtedly prejudicing the Defendant by "'requir[ing] the opponent to expend significant additional

6

resources to conduct discovery and prepare for trial'" and "'significantly delay[ing] the resolution of the dispute.'" *Ruotolo*, 514 F.3d at 192 (quoting *Block*, 988 F.2d at 350).

## **CONCLUSION**

Plaintiff's motion to amend the Complaint is DENIED. The Clerk of Court is instructed to close the motion at Dkt. 44.

Dated: New York, New York
November 20, 2019

SO ORDERED

*Paul A. Crotty*

PAUL A. CROTTY
United States District Judge