UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
JEFFREY LESNIK,                                                         :
                                                                        :
                                 Plaintiff,                             :
                                                                        :          18-cv-3656 (LJL)
                -v-                                                     :
                                                                        :          OPINION & ORDER
LINCOLN FINANCIAL ADVISORS CORPORATION,                                 :
                                                                        :
                                 Defendant.                             :
                                                                        :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/9/2020

LEWIS J. LIMAN, United States District Judge:

   Plaintiff, Jeffrey Lesnik ("Lesnik"), initiated this action on April 25, 2018, by filing a complaint alleging that Defendant, Lincoln Financial Advisors Corporation ("Lincoln Financial"), the financial advisory firm with which Lesnik was registered, violated federal law and committed state law torts in connection with the termination of Lesnik's relationship with the firm.[1]  *See* Dkt. No. 4.

   Before the Court are cross-motions for summary judgment.  Defendant Lincoln Financial moves for summary judgment on Plaintiff's claims of bankruptcy discrimination, unjust enrichment, defamation, and tortious interference with prospective economic relations.  *See* Dkt. No. 63.  Plaintiff moves for summary judgment on his claim of bankruptcy discrimination.  *See* Dkt. No. 72.

---

[1] The parties disagree as to whether Plaintiff was an employee of Lincoln Financial or an independent contractor.  Plaintiff claims that he was an employee.  Lincoln Financial states that he was an independent contractor.  The Court takes no view on that issue at this time, which is not necessary to the instant motions.

The motions for summary judgment are denied with respect to the claim of bankruptcy discrimination.  This claim presents genuine issues of material fact that require trial.  The motion for summary judgment is granted with respect to the claims of unjust enrichment, defamation, and tortious interference with prospective economic advantage.

## DISCUSSION

The standards applicable to this case are well settled.  Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).  "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113-14 (2d Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "The movant bears the burden of 'demonstrat[ing] the absence of a genuine issue of material fact.'" *Id.* at 114 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  In deciding a motion for summary judgment, the Court must "construe the evidence in the light most favorable to the non-moving party, and draw all reasonable inferences in its favor." *Gilman v. Marsh & McLennan Cos., Inc.*, 826 F.3d 69, 73 (2d Cir. 2016).

1. Defendant moves to dismiss Plaintiff's bankruptcy discrimination claim on the ground of judicial estoppel.  Under the doctrine of judicial estoppel, "'[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.'" *DeRosa v. Nat'l Envelope Corp.*, 595 F.3d 99, 103 (2d Cir. 2010) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)).  It applies when: "1) a party's later position is 'clearly inconsistent' with its earlier position; 2) the party's former position has been adopted in some way by the court in the earlier proceeding; and

3) the party asserting the two positions would derive an unfair advantage against the party seeking estoppel.'" *Id.* (quoting *New Hampshire*, 532 U.S. at 750-51). On July 20, 2017, Plaintiff filed for Chapter 7 bankruptcy. *See* Dkt. No. 76 ¶ 150; Dkt. No. 65-17. In connection with that petition, he submitted a Schedule A/B form to the Bankruptcy Court listing his assets and liabilities, as is required under the Bankruptcy Rules. *See* Fed. R. Bankr. P. 1007(b)(1)(A). Months after he was discharged from Lincoln Financial, Plaintiff filed an Amended Schedule correcting the valuation of property that was incorrectly stated in his initial Schedule A/B. *See* Dkt. No. 76 ¶¶ 39, 188. The amended Schedule A/B did not list his claim for bankruptcy discrimination. *Id.* ¶ 40. Defendant's judicial estoppel argument is meritless. The Amended Schedule is not "clearly inconsistent" with Plaintiff's position in this case. The Amended Schedule can best be understood to "amend" Plaintiff's initial Schedule A/B—to correct mistakes or omissions in that original filing and not to update the Schedule A/B with new assets or new liabilities. If there had been no mistake in the initial Schedule A/B, there would have been no requirement to file an amendment at all. Nor can it be said that the Bankruptcy Court adopted Plaintiff's position because only legal claims in existence "at the commencement" of a Chapter 7 case are part of the bankruptcy estate. 11 U.S.C. § 541. Plaintiff's bankruptcy discrimination claim accrued after the commencement of his Chapter 7 case. And, because the existence of Plaintiff's post-bankruptcy claim would be irrelevant to the plan of confirmation and Plaintiff's discharge, Defendant has not met its burden to show an unfair advantage. Defendant's motion for summary judgment on the ground of judicial estoppel is DENIED.

2. The parties cross-move for summary judgment on Plaintiff's claim of bankruptcy discrimination. Each contends the undisputed facts entitle the party to judgment as a matter of law. Defendant argues that Plaintiff was dismissed at least in part because of other concerns, such as his financial fitness and sales practices. Dkt. No. 64 at 18. For his part, Plaintiff argues Defendant engaged in bankruptcy discrimination by subjecting him to an internal review solely because he had filed for bankruptcy and then discharging him based on that review. Dkt. No. 73 at 21-23. Under Section 525(b) of the Bankruptcy Code, it is illegal for an employer to terminate or discriminate against an employee "who is or has been . . . a debtor or bankrupt under the Bankruptcy Act . . . solely because such debtor or bankrupt is or has been a debtor under this title or a debtor or bankrupt under the Bankruptcy Act." 11 U.S.C. § 525(b)(1). The courts are divided as to the meaning of the word "solely" in this statute. *See Ashmeade v. Citizens Bank*, 2018 WL 3093963, at *3 (S.D.N.Y. June 22, 2018). The Court need not answer this question definitively now. Under any interpretation accepted by the courts, the parties' competing submissions plainly present fact issues of whether Plaintiff was discriminated against or terminated solely because of his bankruptcy filing. Accordingly, the parties' cross-motions for summary judgment on grounds of bankruptcy discrimination are DENIED.

3. Defendant moves for summary judgment on Plaintiff's claim of unjust enrichment. Under New York law, this claim requires "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered." *Mandarin Trading Ltd. v. Wildenstein*, 944 N.E.2d 1104, 1110 (N.Y. 2011). "[T]he doctrine is a narrow one; it is 'not a catchall cause of action to be used when others fail.'" *E.J. Brooks Co. v.*

4

*Cambridge Sec. Seals*, 105 N.E.3d 301, 315 (N.Y. 2018) (quoting *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1190 (N.Y. 2012)). In his complaint, Plaintiff alleged Defendant was unjustly enriched by retaining employer contributions to the Internal Revenue Service ("IRS"), unemployment compensation, and workers' compensation. Dkt. No. 4 ¶ 73. Plaintiff's claim turns on the notion that his relationship with Defendant was misclassified: because he was classified as an independent contractor, Plaintiff paid taxes he would not have had to pay had he been classified as an employee, and thus Defendant was enriched by the same amount. This claim is meritless. If Plaintiff paid more in taxes than he would have as a classified employee, his remedy lies with the IRS and the taxing authorities, not with Defendant. *See* 26 U.S.C. § 7422(a); *McNeely v. Metro. Life Ins. Co.*, 376 F. Supp. 3d 225, 230 (S.D.N.Y. 2019). Indeed, in his opposition brief, Plaintiff does not even defend this theory of recovery and thus his claim may be deemed abandoned. *See, e.g., Killoran v. Westhampton Beach Sch. Dist.*, 2020 WL 1325572, at *5 (E.D.N.Y. Feb. 12, 2020), *report and recommendation adopted*, 2020 WL 1433647 (E.D.N.Y. Mar. 11, 2020*)*. Instead, Plaintiff now suggests Defendant was unjustly enriched by inheriting Plaintiff's client relationships and the commissions they generated. This claim was not articulated in the Complaint and thus is not proper at this stage. It also lacks merit because Plaintiff was not deprived of anything, nor was Defendant unjustly enriched. Plaintiff had no "preexisting right to the fees" or any commissions. *See E.J. Brooks*, 105 N.E.3d at 313. Defendant's motion for summary judgment on the unjust enrichment claim is GRANTED.

4. Defendant moves for summary judgment on Plaintiff's claim for defamation or slander *per se*. Plaintiff challenges two sets of statements: statements contained in Form U5 that

5

Defendant filed with the Financial Industry Regulatory Authority ("FINRA") describing the reasons for his termination, and statements that another representative registered with Defendant allegedly made to one of Plaintiff's former clients after his termination. Regarding the first set, Defendant is correct that the New York Court of Appeals has held statements made by an employer on Form U5 are absolutely privileged against defamation claims. *See, e.g.*, *Ashmeade*, 2018 WL 3093963, at *5; *Shkreli v. JPMorgan Chase Bank*, 2015 WL 1408840, at *7 (S.D.N.Y. Mar. 27, 2015); *Rosenberg v. Metlife, Inc.*, 866 N.E.2d 439, 448 (N.Y. 2007). Regarding the second set, Plaintiff does not proffer evidence of the alleged defamatory statement from either the former client or the registered representative. *See* Dkt. No. 75 ¶ 112. His only evidence is deposition testimony from Plaintiff's supervisor that "[a] woman called me up and said that she felt that [registered representative] was saying bad things about [Plaintiff]." Dkt. No. 74-10 at 101:7-13; *see also* Dkt. No. 76 ¶ 185. But the supervisor's testimony about what the client told him is offered for the truth of the matter asserted (*i.e.*, that the registered representative was saying bad things about Plaintiff) and constitutes hearsay. "[A] defamation plaintiff cannot rely on an inadmissible hearsay statement to defeat summary judgment unless the statement falls within one of the exceptions to the hearsay rule." *Deutsche Asset Mgmt., Inc. v. Callaghan,* 2004 WL 758303, at *13 (S.D.N.Y. Apr. 7, 2004). Defendant's motion for summary judgment on defamation is GRANTED.

5. Defendant moves for summary judgment on Plaintiff's claim of tortious interference with prospective economic advantage. Under New York law, a claim for tortious interference with prospective economic advantage comprises four elements: (a) business relations with a third party; (b) that defendant knew of the relationship and interfered with it; (c)

defendant acted with the sole purpose of harming the plaintiff or solely out of malice or used wrongful means; and (d) injury to that business relationship.  *See Amaranth LLC v. J.P. Morgan Chase & Co.*, 888 N.Y.S.2d 489, 494 (N.Y. App. Div. 2009); *Advanced Global Tech. LLC. v. Sirius Satellite Radio, Inc.*, 836 N.Y.S.2d 807, 809-10 (N.Y. Sup. Ct. 2007), *aff'd*, 843 N.Y.S.2d 220 (N.Y. App. Div. 2007).  "[U]nless the conduct at issue is 'criminal or independently tortious,' to establish the tort, plaintiff must prove that 'defendant[s] [have] engage[d] in conduct for the sole purpose of inflicting intentional harm on plaintiff.'"  *Brady v. Calyon Secs. (USA)*, 2007 WL 4440926, at *18 (S.D.N.Y. Dec. 17, 2007) (quoting *Carvel Corp. v. Noonan*, 818 N.E.2d 1100, 1103 (N.Y. 2004)).  Moreover, "the weight of authority . . . requires a plaintiff to identify the potential customers at issue when asserting a cause of action for interference with prospective economic advantage."  *Lesesne v. Brimecome*, 918 F. Supp. 2d 221, 227 (S.D.N.Y. 2013).  Plaintiff argues he meets the first element because he had formed relationships with "a book of business with clients," the second because Defendant assigned those clients to another broker once he was terminated, the third because Defendant filed a defamatory Form U5, and the fourth because he no longer has a business relationship with his clients after the false statements on the Form U5 and after he was terminated (instead of being permitted to voluntarily resign).  *See* Dkt. No. 73 at 26.  Defendant replies that reference to a "book of business" is insufficient to establish a specific prospective relationship, that assignment of the clients after Plaintiff's departure does not constitute "interference," and that Plaintiff has not proffered evidence of conduct that is criminal or independently tortious.  *See* Dkt. No. 82 at 14-15.

Plaintiff's claim fails for two separate reasons.  First, Plaintiff has not identified any specific relationship with which Defendant interfered.  *See Lesesne*, 918 F. Supp. 3d at 227; *Winner Int'l v. Kryptonite Corp.*, 1996 WL 84476, at *4 (S.D.N.Y. Feb. 27, 1996).  Second, Plaintiff has failed to identify conduct that is criminal or independently tortious.  Even if the Form U5 could be said to be false and defamatory, such conduct is not tortious under New York law.  *See Brady*, 2007 WL 4440926, at *19.  Plaintiff also has not alleged an independent tort in connection with the termination of his at-will relationship with Defendant.  *See Symquest Grp., Inc. v. Canon U.S.A., Inc.*, 186 F. Supp. 3d 257, 268 (E.D.N.Y. 2016) (plaintiff "fail[ed] to allege any criminal, tortious, or other conduct" where defendant's "decision to terminate" its relationship with plaintiff was "well within [its] contractual rights" so as not to support tortious interference claim).  Defendant's motion for summary judgment on tortious interference with prospective economic advantage is GRANTED.

## CONCLUSION

Defendant's motion for summary judgment is GRANTED IN PART and DENIED IN PART.  Plaintiff's motion for summary judgment is DENIED.

The Clerk of Court is respectfully directed to close Dkt. Nos. 63, 72.

A status conference is scheduled for June 22, 2020 at 3:00 p.m.

SO ORDERED.

Dated: June 9, 2020  
New York, New York

_____  
LEWIS J. LIMAN  
United States District Judge

8