```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
JEFFREY LESNIK,                                                  :
                                                                 :
                              Plaintiff,                         :
                                                                 :        18-cv-3656 (LJL)
              -v-                                                :
                                                                 :        ORDER
LINCOLN FINANCIAL ADVISORS CORPORATION,                          :
                                                                 :
                              Defendant.                         :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __7/6/2021__

LEWIS J. LIMAN, United States District Judge:

Plaintiff Jeffrey Lesnik moves for an order striking Defendant's defenses, awarding him attorneys' fees, and imposing a fine for what he alleges are defendant's discovery violations. Dkt. No. 101. The motion is DENIED.

Plaintiff's motion is based on Defendant's production after the close of discovery of over 300 documents, which both parties concede are relevant and responsive to Plaintiff's document requests. The documents were discovered by Defendant during trial preparation. Defendant has sworn that it did not know of the documents during discovery; Plaintiff has offered no evidence to the contrary.

The documents, on their face, are responsive to certain of Plaintiff's discovery requests. But Defendant objected to the discovery requests and Plaintiff later explicitly limited the time period for which it requests responsive documents. The majority of the new documents fall outside of that time period.

With respect to the remainder of the documents, Plaintiff chose not to raise with the Court during discovery the objections to the requests to which these documents are responsive.

Plaintiff instead focused his effort on other objections by Defendant, particularly those with respect to an individual named Scott Fox. There is no evidence that Defendant misrepresented the searches it was conducting. Defendant ultimately produced the responsive documents mitigating any harm to Plaintiff as soon as it discovered the documents.

"When the nature of the breach [of discovery obligations] is non-production of evidence, as opposed to actual destruction or significant alteration, a district court has broad discretion in fashioning an appropriate sanction." *In re Pfizer Inc. Sec. Litig.*, 288 F.R.D. 297, 325 (S.D.N.Y. 2013) (quoting *Pure Power Boot Camp v. Warrior Fitness Boot Camp*, 587 F. Supp. 2d 548, 567 (S.D.N.Y. 2008)). "[T]he moving party must establish '(1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had a culpable state of mind; and (3) that the missing evidence is relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.'" *Id.* (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002)).

The Court finds that Plaintiff has not established either that Defendant violated any of its agreements with Plaintiff or the discovery requests in failing to produce the documents or that Defendant acted with a culpable mind. Defendant produced the documents promptly after it discovered them. Discovery sanctions are not appropriate.

Certain of the documents, however, do appear to be directly relevant. Trial in this case is scheduled for August 9, 2021. The Court has discretion to reopen discovery for good cause. Such good cause exists here for a limited reopening of discovery. Plaintiff is granted leave to take the depositions of each of the following witnesses, the questioning by Plaintiff in each deposition to last no longer than three (3) hours: Mitch Scher, Patrick Caulfield, Tim Bonisteel,

and either Michael Gilliland or Maria Quezeda. The questioning shall be limited to that on the newly-produced documents or issues raised by those documents and the depositions may be taken remotely. Defendant shall make the witnesses within its control available so that Plaintiff may complete taking the three-hour depositions by July 23, 2021. Defendant shall not schedule more than two depositions per day.

    SO ORDERED.

Dated: July 6, 2021
       New York, New York

                                          LEWIS J. LIMAN
                                       United States District Judge