UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

JEFFREY LESNIK,

                        Plaintiff,             Case No.: 18-CV-3656 (LJL)

     v.

LINCOLN FINANCIAL ADVISORS
CORPORATION,

                        Defendant.

------------------------------------------------------------------------x


**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE***


                                            JACKSON LEWIS P.C.
                                            666 Third Avenue, 29th Floor
                                            New York, New York 10017
                                            (212) 545-4000 Telephone
                                            (212) 972-3213 Facsimile

                                            Mark S. Mancher
                                            John J. Porta
                                            Gregory S. Slotnick

**TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................... i

PRELIMINARY STATEMENT .............................................................................................. 1

ARGUMENT ............................................................................................................................. 2

POINT I ..................................................................................................................................... 2

THE COURT SHOULD PERMIT EVIDENCE OF PLAINTIFF'S CRIMINAL HISTORY BECAUSE HIS CRIMINAL HISTORY IS A MATTER OF PUBLIC RECORD AND INFORMATION REGARDING HIS CRIMINAL BACKGROUND IS RELEVANT TO ISSUE IN THIS CASE BECAUSE IT WAS REVIEWED ON SEVERAL OCCASIONS BY WITNESSES WHO WILL TESTIFY REGARDING INVESTIGATION INTO PLAINTIFF'S BACKGROUND AND TRADE PRACTICES ...................................................... 2

POINT II ................................................................................................................................... 6

THE COURT SHOULD PERMIT DEFENDANT'S PROPOSED EXHIBIT NO. 75, BATES STAMPED D020270-D020294 BECAUSE IT IS A RELEVANT AND MATERIAL DOCUMENT REVIEWED AND CONSIDERED BY KEY WITNESSES............ 6

   A. The information Plaintiff seeks to include is relevant under Fed. R. Evid. 401 and is a material document. ............................................................................................................... 6

   B. This document, along with other similar documents, are not inadmissible hearsay under Fed. R. Evid. 801(c) ........................................................................................................... 7

POINT III ................................................................................................................................. 11

PLAINTIFF SHOULD BE PRECLUDED FROM SEEKING DAMAGES FOR FRONT PAY BECAUSE HE FAILS TO OFFER ANY EVIDENCE OF SUCH CALCULATIONS ..... 11

CONCLUSION ........................................................................................................................ 12

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Cameron v. Cmty. Aid for Retarded Children, Inc.,
  335 F.3d 60 (2d Cir. 2003)........................................................................................................11

Corley v. Vance,
  2015 U.S. Dist. LEXIS 92837 (S.D.N.Y. June 22, 2015)..........................................................4

Fletcher v. City of New York,
  54 F. Supp. 2d 328 (S.D.N.Y. 1999)..........................................................................................3

Forgione v. Gaglio,
  2015 U.S. Dist. LEXIS 21644 (S.D.N.Y Feb. 13, 2015)........................................................3, 4

Iannone v. Frederic R. Harris, Inc.
  941 F. Supp. 403, 1996 U.S. Dist. LEXIS 14048 (S.D.N.Y. 1996) ..........................................5

Mathews v. ADM Milling Company,
  2019 U.S. Dist. LEXIS 97564, at *10-11 ................................................................................12

McDermott v. Town of Windham Public Schools,
  225 F. Supp. 2d 180 (D. Conn. 2002)......................................................................................11

Milano v. Astrue,
  2008 U.S. Dist. LEXIS 125271 (S.D.N.Y. 2008)....................................................................11

Norcia v. Dieber's Castle Tavern, Ltd.
  980 F. Supp. 2d 492, 503 (S.D.N.Y. 2013) .............................................................................12

Paolitto v. John Brown E&C, Inc.
  151 F.3d 60, 68 (2d Cir. 1998) ..................................................................................................5

People v. Davis
  43 N.Y. 2d 17, 27, 371 NE 2d 456, 400 N.Y.S. 2d 735 (1977) ................................................7

Phillips v. City of New York,
  871 F. Supp. 2d 200 (E.D.N.Y. 2012) ......................................................................................5

Schatzki v. Weiser Capital Mgmt., LLC,
  2013 U.S. Dist. LEXIS 182507 (S.D.N.Y. Dec. 31, 2013) (attached) ......................................6

Zubrow v. Solvay Pharms.,
  No. 03 Civ. 1929 (WWE), 2006 U.S. Dist. LEXIS 7039 (D. Conn. Feb. 3,
  2006) .......................................................................................................................................11

**Statutes**

15 U.S.C. § 78o-3(i)(1)(B) ................................................................................................................3

**Other Authorities**

Fed. R. Evid. 401 ....................................................................................................................1, 3, 6

Fed. R. Evid. 801(c) ...............................................................................................................2, 7, 10

Fed. R. Evid. 201 ............................................................................................................................4

Fed. R. Evid. 401, 402, 403, 801 ..............................................................................................8, 9, 10

Fed. R. Evid. 404(b) ........................................................................................................................3

## PRELIMINARY STATEMENT

Defendant Lincoln Financial Advisors Corporation ("Defendant") submits this Memorandum of Law in Opposition to Plaintiff's Motion *In Limine*, which seeks to preclude Defendant from: (1) mentioning, introducing evidence, or eliciting testimony regarding plaintiff Jeffrey Lesnik's ("Plaintiff") criminal history; and (2) mentioning, introducing evidence, or eliciting testimony regarding Defendant's proposed Exhibit No. 75, Bates Numbered D020271 to D020294.

Plaintiff's criminal history is a matter of public record and was included in the information reviewed by (1) those who participated in the investigations into his initial affiliation with LFA and subsequent trading activity, and (2) potential hiring parties, employers, and/or investors after his association with LFA terminated and may have been the cause of his economic damages (and not the alleged conduct of Defendant). Importantly, this is the exact evidence contemplated under Fed. R. Evid. 401 as admissible because it was background information available and reviewed by those who were responsible for making recommendations and decisions about Plaintiff's continued affiliation with Defendant.

Plaintiff's argument to support preclusion of Defendant's proposed Exhibit No. 75 fails for similar reasons. The report in question, a spreadsheet circulated by one of Defendant's Anti Money Laundering Officers containing Plaintiff's low-priced securities transactions and the ages of his clients, was attached to an email encompassing a review of Plaintiff's trading practices. Key witnesses reviewed this document (and other similar documents) which not only are relevant pursuant to Fed. R. Evid. 401, but material to the decision in question because it shows what witnesses knew or believed to be true about Plaintiff's trading activity. The information Plaintiff seeks to exclude is essential to understanding the conclusions and opinions formed by key witnesses. Plaintiff has placed the

question about the reasons for the termination of his affiliation with Defendant at issue in this case; he cannot cherry pick the evidence he would like to have excluded merely because he believes the information relied upon portrays him in a negative way.

To the extent Plaintiff will argue that the information contained in the spreadsheet in question (or other similar documents) should be excluded as hearsay under Fed. R. Evid. 801(c),[1] this argument also fails because Defendants are not offering these documents for the truth of the matter contained in them. Rather, the documents are being offered to confirm what information was available to key witnesses about Plaintiff's sales practices – they are being used to support Defendant's non-discriminatory reason for its decision to terminate its affiliation with Plaintiff.

Lastly, a review of Plaintiff's damages calculation contained in the Joint Pretrial Order seeks 20 years of front pay without any evidence to support the computation of such damages. Plaintiff's failure to retain an expert, or offer any evidence relating to the calculation of such damages (other than an actuarial chart likely printed off the internet), should preclude him from recovery of front pay damages.

## ARGUMENT

### POINT I

**THE COURT SHOULD PERMIT EVIDENCE OF PLAINTIFF'S CRIMINAL HISTORY BECAUSE HIS CRIMINAL HISTORY IS A MATTER OF PUBLIC RECORD AND INFORMATION REGARDING HIS CRIMINAL BACKGROUND IS RELEVANT TO THE ISSUES IN THIS CASE BECAUSE IT WAS REVIEWED ON SEVERAL OCCASIONS BY WITNESSES WHO WILL TESTIFY REGARDING INVESTIGATION INTO PLAINTIFF'S BACKGROUND AND TRADE PRACTICES AND IS RELEVENT TO MITIGATION EFFORTS**

Plaintiff seeks to preclude evidence that refers to his criminal conviction record on the grounds that such evidence is not relevant to the decision to terminate his affiliation with

---

[1] While Plaintiff raises a relevancy argument in connection with this document in his moving papers, he objects to this same document on the grounds of hearsay in the Joint Pre-trial Order. As such, we will address the hearsay argument in this brief in connection with this document and other similar documents objected to by Plaintiff in the Joint Pre-trial Order.

Defendant and that the criminal history would unfairly prejudice Plaintiff before the jury. Plaintiff's argument incorrectly characterizes the importance of such evidence by suggesting Defendant seeks to use this evidence as character evidence. That is not the case; the evidence relating to Plaintiff's criminal history is included in documents reviewed by those who made decisions relating to his affiliation with Defendant, and after his affiliation with Defendant terminated, may have influenced potential hiring parties, employers, and/or investors in considering the prospect of a business affiliation with Plaintiff. As such, Plaintiff's criminal history is a relevant factor in any analysis of his affiliation with Defendant, the termination thereof, as well as the prospect of subsequent business-related affiliations and mitigation efforts.

Rule 401 defines "relevant evidence" as that which has "any tendency to make a fact more or less probable than it would be without the evidence; and the fact is *of consequence* in determining the action." Fed. R. Evid. 401 (emphasis added). Rule 404(b) prohibits evidence of a crime, wrong, or other act "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). However, Rule 404(b) "allows the introduction of such evidence for *other purposes*." Fletcher v. City of New York, 54 F. Supp. 2d 328, 333 (S.D.N.Y. 1999) (emphasis in original).

First, Plaintiff's criminal history is a matter of public record because his "BrokerCheck report [is] a publicly available document that is maintained online by the Financial Industry Regulation Authority ("FINRA"), as well as FINRA's registration requirements. *See* brokercheck.finra.org (last visited August 3, 2021). By law, FINRA is required to maintain registration information for member brokers and to make that information available to the public. 15 U.S.C. § 78o-3(i)(1)(B)." Forgione v. Gaglio, 2015 U.S. Dist. LEXIS 21644, at *49 (S.D.N.Y Feb. 13, 2015). As such, information about Plaintiff's conviction record is publicly available from both the Securities and Exchange Commission ("SEC") and FINRA websites. For the SEC, Plaintiff's criminal history record is available on the Investment Adviser

3

Public Disclosure website at: JEFFREY CHARLES LESNIK - Investment Adviser (sec.gov). For FINRA, public disclosure of Plaintiff's criminal background is also available at JEFFREY CHARLES LESNIK - BrokerCheck (finra.org).  See also Exhibit E. Indeed, the Court may take judicial notice under Fed. R. Evid. 201 of Lesnik's BrokerCheck report.  See Forgione, 2015 U.S. Dist. LEXIS 21644, at *49.  Thus, "Plaintiff's conviction is a matter of public record . . . figuratively speaking, the cat is already out of the bag." Corley v. Vance, 2015 U.S. Dist. LEXIS 92837, at *20 (S.D.N.Y. June 22, 2015).

In addition to the fact that Plaintiff's criminal history is a matter of public record, information about Plaintiff's criminal history is imbedded in the documents used by decision-makers in this action.  Defendant's proposed Exhibit Nos. 1 and 2 in its Joint Pretrial Order relate to information Defendant's Registration Review Committee reviewed prior to the commencement of Plaintiff's affiliation with Defendant. See Exhibit F.  According to those documents, Defendant sought the handwritten explanation from Plaintiff regarding his criminal history because Defendant uncovered Plaintiff's criminal conviction as part of its screening process and Plaintiff did not, at the time, include the criminal history in his Form U4.  See Exhibit F.  Importantly, Tim Bonisteel and Jason Gibson are listed on this document as reviewers.  They are also listed as trial witnesses by Plaintiff who have "knowledge of Mr. Lesnik's employment and circumstances surrounding his termination as well as surveillance and compliance issues…"  See Joint Pretrial Order at p. 9 (ECF No. 125).  As such, criminal conviction information clearly was reviewed and considered at the time of Plaintiff's initial affiliation and is directly relevant to what information was known by individuals who participated in the alleged discriminatory act which is the subject of this lawsuit.

Information regarding Plaintiff's criminal conviction was also included in the BrokerCheck report circulated in connection with an internal review of Plaintiff's trade practices that occurred in June 2017.  See Exhibit G, Defendant's proposed Exhibit No. 58, which includes

4

an email from Tyrus Bennett to Robert Sweeney dated June 12, 2017 attaching a copy of the report that includes a discussion of Plaintiff's criminal conviction. Importantly, both Tyrus Bennett and Robert Sweeney have been identified by Plaintiff as trial witnesses who had "knowledge of Mr. Lesnik's employment and circumstances surrounding his employment…" See Joint Pre-trial Order at p. 10 (ECF No. 125). Again, witnesses will testify that criminal conviction information was reviewed by those involved in the investigation into Plaintiff's trade practices. Plaintiff admits to the relevance of these witnesses based upon knowledge they had about Plaintiff—knowledge gleaned through a review of relevant documents that include Plaintiff's criminal history. Regardless, any concerns of unfair prejudice can be addressed by the Court with a limiting jury instruction. See Phillips v. City of New York, 871 F. Supp. 2d 200, 207 (E.D.N.Y. 2012).

With respect to Plaintiff's claim for economic damages, the fact that his criminal record is publicly available for investors and potential employers to make an informed decision about his suitability may be the direct cause or contributor to the failure of his economic damages/mitigation efforts and not the alleged discriminatory by Defendant.[2] Courts have held that defendants are potentially liable for damages resulting from lawful terminations if the damages were *proximately caused* by a prior unlawful employment action. See Paolitto v. John Brown E&C, Inc., 151 F.3d 60, 68 (2d Cir. 1998). In other words, victims of discrimination should only be compensated for damages that are the "but for" cause of the unlawful conduct. Iannone v. Frederic R. Harris, Inc., 941 F. Supp. 403, 1996 U.S. Dist. LEXIS 14048 (S.D.N.Y. 1996) (victim should be restored to the economic position they would have occupied but for the intervening unlawful conduct of employers) (attached). Here, Plaintiff's public conviction record, wherein Plaintiff had the opportunity to explain the conviction on his Form U-

---

[2] Defendant argues in its Motion *In Limine* that Plaintiff is not entitled to economic damages because Plaintiff failed to make reasonable efforts to mitigate his damages. See Defendant's Memo of Law In Support at p. 9.

5, may have impacted his economic damages and Defendant should be permitted to explore this causal chain at trial. As such, this information is relevant pursuant to Fed. R. Evid. 401 because it relates to the a key issue in this case, namely what caused Plaintiff's economic damages.

Plaintiff's reliance on Schatzki v. Weiser Capital Mgmt., LLC, 2013 U.S. Dist. LEXIS 182507, *4 (S.D.N.Y. Dec. 31, 2013) (attached), is inapplicable to the evidence relating to Plaintiff's conviction record. In Schatzki, the court precluded defendants from offering into evidence an *expert witness's* criminal conviction history (relating to bribing a government official) because such information was not probative of the witness's character for truthfulness. Id. at 4-6. Here, Defendant does not seek to introduce evidence regarding Plaintiff's criminal history to attack his character for truthfulness. Rather, Defendant seeks to introduce this evidence to accurately reflect the information known by those involved in the surveillance and review of Plaintiff's affiliation with Defendant.

**POINT II**

**THE COURT SHOULD PERMIT DEFENDANT'S PROPOSED EXHIBIT NO. 75, BATES STAMPED D020270-D020294 BECAUSE IT IS A RELEVANT AND MATERIAL DOCUMENT REVIEWED AND CONSIDERED BY KEY WITNESSES**

    A.    **The information Plaintiff seeks to include is relevant under Fed. R. Evid. 401 and is a material document.**

Defendant's proposed Exhibit No. 75, bates stamped D020270-D020294 is a spreadsheet that was attached to an email from Steven Holly, "LFN AML Officer" sent to Tim Bonisteel on October 26, 2017. See Exhibit H, Defendant's proposed Exhibit No. 75, at D020270. Mr. Holly prepared this report and circulated it to Tim Bonisteel in connection with Defendant's May 2017 investigation into Plaintiff's trade practices. Importantly, witness Bonisteel was responsible for presenting Plaintiff's financial fitness and trading activities to Defendant's Business Conduct Committee, which ultimately made the decision to terminate Plaintiff's affiliation. This document later was referenced in an email thread to a larger group of

6

individuals including Robert Sweeney and Patrick Caulfield – two witnesses identified by both Plaintiff and Defendant in the Joint Pretrial Order.  This is one of many documents circulated and reviewed by defense witnesses during Defendant's investigation into Plaintiff's trading activities prior to his bankruptcy filing.  The attachment contains a spreadsheet of relevant, investigatory information analyzed by Defendant in its background investigation of Plaintiff's trade practices – practices clearly outlined in Mr. Holly's cover email to Tim Bonisteel ("You can see a number of accounts for elderly clients that are being actively traded.").  Id.

Plaintiff's citations to New York criminal cases are inapplicable.  In People v. Davis, 43 N.Y. 2d 17, 27, 371 NE 2d 456, 400N.Y.S. 2d 735 (1977) (a death penalty case) the defense attempted to introduce evidence that plaintiff claimed would confuse the main issues in the case and mislead the jury. Id. at 26-27. Here, there is nothing misleading or confusing about the spreadsheet or the cover email in question.  It is clearly a report generated in connection with a review of Plaintiff's trade practices.  The information contained therein presumably was reviewed by the recipients, all of whom are relevant witnesses. While Plaintiff is free at trial to challenge the information in the document and the sources used to prepare the document, the document is relevant evidence that should not be excluded simply because Plaintiff does not believe it accurately captures the entire picture of his trade practices.

### B. This document, along with other similar documents, are not inadmissible hearsay under Fed. R. Evid. 801(c)

Although Plaintiff did not raise the hearsay objection in his brief in support of his Motion *in Limine*, he did raise the hearsay objection in the Joint Pre-trial Order in connection with this document as well as numerous others.[3]  It appears Plaintiff's argument is that documents prepared using Defendant's business record in connection with the investigation into Plaintiff's trading practices are inadmissible hearsay because the information contained in those

---

[3] It should be noted that Plaintiff objected to virtually every document listed on Defendant's exhibit list.

reports is either inaccurate, untrue, or based upon incomplete information. Defendant expects the same argument will be made in connection with the below exhibits, which all contain reports and analyses prepared by Defendant in connection with its investigation:

| **Defendant's Exhibit Number** | **Exhibit Description** | **Bates Stamp Number** | **Date** | **Plaintiff's Objections** |
|---|---|---|---|---|
| 2 | LFA Registration Review Committee notes re Lesnik financial and criminal issues | D000312 | 10/28/2014 | **ADVANCE RULING REQUESTED** Plaintiff objects, in addition to authenticity, based on relevance and hearsay. FRE 401, 402, 403, 801 |
| 24 | BCC file from BCC meeting re Lesnik | P0012-P0046 | 11/13/2017 | Plaintiff objects, in addition to authenticity, based on relevance and hearsay. FRE 401, 402, 403, 801 |
| 44 | Email from Lois Desch to Jerry Danielson re: Lesnik's high volume trading of low-priced securities and attachment containing such trades | D019965-020015 | 5/11/2017 | Plaintiff objects, in addition to authenticity, based on relevance and hearsay. FRE 401, 402, 403, 801 |
| 48 | Email thread b/w Scott Bryson, Jerry Danielson, Pat Caulfield, Michael Gilliland, Robert Sweeney, Pat Horden, and Steve Holly (Lincoln | D020027-029 | 5/16/2017 | Plaintiff objects, in addition to authenticity, |

8

| | | | | |
|---|---|---|---|---|
| | Anti-Money Laundering Officer) re: Lesnik low-priced stock trades and Lesnik's account numbers and client names | | | based on relevance and hearsay. FRE 401, 402, 403, 801 |
| 51 | Lesnik spreadsheet attachment with account names, amounts, and realized gains/losses as of 12/31/2016 and 04/30/2017, respectively | D020039-060 | From email dated 5/24/2017 (D020037 to D020038) | Plaintiff objects, in addition to authenticity, based on relevance and hearsay. FRE 401, 402, 403, 801 |
| 53 | Lesnik OmniSource reports | D020333-338 | 5/31/2017 | Plaintiff objects, in addition to authenticity, based on relevance and hearsay. FRE 401, 402, 403, 801 |
| 54 | Email from Tracy Howard (Lincoln Business Analyst) to Robert Sweeney and Tyrus Bennett re: Lesnik commission statements from 5/22/2016 through 5/26/2016, as well as commissions statements | D020066-073 | 6/5/2017 | Plaintiff objects, in addition to authenticity, based on relevance and hearsay. FRE 401, 402, 403, 801 |
| 58 | Email from Tyrus Bennett to Robert Sweeney re: information on Lesnik and two other LFA registered representatives: Scott Fox and Erik Damers, including spreadsheets re same | D020090-157 | 6/12/2017 | Plaintiff objects, in addition to authenticity, based on relevance and hearsay. FRE 401, 402, 403, 801 |
| 59 | Email forwarding email and attachments contained in Exhibit 58 | D020164-165 | 6/14/2017 | Plaintiff objects, in |

9

| | | | | |
|---|---|---|---|---|
| | above and noting a meeting to discuss from Robert Sweeney to Michael Gilliliand, Steve Holly, Jerry Danielson, Maria Quezada, and reply email from Pat Caulfield re reviewing material and looking forward to the meeting | | | addition to authenticity, based on relevance and hearsay. FRE 401, 402, 403, 801 |
| 73 | Email thread b/w Lensik and Lincoln Business Practices email re: response to request for additional information on Nicolas Brizzi account | D020257 | 9/14/2017 | Plaintiff objects, in addition to authenticity, based on relevance and hearsay. FRE 401, 402, 403, 801 |
| 74 | Email from Brittany Coar to Robert Sweeney attaching Lesnik responses to inquiries from Lincoln Business Practices on certain account trading | D020258-261 | 9/21/2017 | Plaintiff objects, in addition to authenticity, based on relevance and hearsay. FRE 401, 402, 403, 801 |

Plaintiff objected to each of these email exchanges, which include similar reports of Plaintiff's sales practices, as inadmissible hearsay. Even if Plaintiff's argument regarding the accuracy and completeness are true (which they are not), the accuracy or the source of the information contained in those reports is not material. These were reports relied upon and reviewed by key witnesses. Plaintiff's hearsay argument has been refuted many times by many courts.

Hearsay consists of a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement. Fed.R.Evid. 801(c). These reports fall outside of the definition of hearsay because they are not offered for the truth of the matter asserted in the documents. In

10

other words, Defendant does not intend to use the reports at trial to prove that Plaintiff did, in fact, engage in improper sales practices. To the contrary, these reports will be used to demonstrate Defendant's reasoning for its decision to terminate Plaintiff's affiliation.

This same conclusion has been reached by Courts in cases directly on point with this matter. Statements and records offered for their effect on the defendants' state of mind are not considered hearsay. See Cameron v. Cmty. Aid for Retarded Children, Inc., 335 F.3d 60, 65 (2d Cir. 2003) (noting that negative feedback from other employees about plaintiff was not hearsay, as the feedback established the decision-maker's state of mind, and that the inaccuracy of such feedback did not matter if the decision-maker believed it); see also Milano v. Astrue, 2008 U.S. Dist. LEXIS 125271 (S.D.N.Y. 2008) (permitting evidence relating to supervisor recommendations, whether true or not, because it was information considered by the decision-maker); Zubrow v. Solvay Pharms., No. 03 Civ. 1929 (WWE), 2006 U.S. Dist. LEXIS 7039, at *19 (D. Conn. Feb. 3, 2006) (finding that the statements at issue did not constitute hearsay because they are not offered for their truth, "but are indicative of the motivation for the decision to terminate plaintiff's employment") (internal citation omitted); McDermott v. Town of Windham Public Schools, 225 F. Supp. 2d 180, 183 (D. Conn. 2002).

Accordingly, any arguments suggesting these documents are inadmissible hearsay must be rejected by the Court.

## POINT III

### PLAINTIFF SHOULD BE PRECLUDED FROM SEEKING DAMAGES FOR FRONT PAY BECAUSE HE FAILS TO OFFER ANY EVIDENCE OF SUCH CALCULATIONS

In his statement of damages contained in the Joint Pretrial Order, Plaintiff seeks back pay and "20 years" of front pay for a total amount of $3,000,000. See Joint Pretrial Order at p. 45 (ECF No. 125). With respect to future lost earnings ("front pay"), Plaintiff has not designated an expert witness to support any calculation of front pay damages and he further has

not identified any documents upon which the Court or jury could calculate such damages. This evidentiary failure requires the court to deny any recovery for alleged future lost earnings.

Damages for loss of past earnings may be awarded "based solely on plaintiff's testimony without supporting documentation." Norcia v. Dieber's Castle Tavern, Ltd., 980 F. Supp. 2d 492, 503 (S.D.N.Y. 2013) (citing Kane v. Coundorous, 11 A.D.3d 304, 783 N.Y.S.2d 530, 531 (App. Div. 2004)). "However, establishing loss of future earnings is more complicated, and requires computing…the monetary value of the diminution in the plaintiff's annual earning capacity, multiplying that amount by the number of years the plaintiff could have worked— work-life expectancy—and then discounting that amount to the present value." Id. (internal citation and quotation marks omitted). Courts in New York routinely preclude plaintiffs from seeking damages for lost future wages when a plaintiff fails to offer any evidence regarding lost wages beyond a plaintiff's own unsubstantiated testimony. See Mathews v. ADM Milling Company, 2019 U.S. Dist. LEXIS 97564, at *10-11 (W.D.N.Y. June 11, 2019).

Here, Plaintiff seeks front pay for 20 years in the amount of $3,000,000. Plaintiff provides no analysis of how this was calculated and how he arrived at 20 years of front pay. This calculation clearly is based on mere speculation and the Court should preclude Plaintiff from recovering front pay. See Norcia, 980 F. Supp. 2d at 503.

## CONCLUSION

Based upon the foregoing, Plaintiff's Motion *In Limine* to exclude evidence relating to his criminal conviction and a document that was material to the investigation into his trading practices must be denied. Additionally, Plaintiff should be precluded from recovery of front pay damages since he has not produced any evidence supporting such an award.

Dated: New York, New York
August 3, 2021

Respectfully submitted,
JACKSON LEWIS P.C.

                    666 Third Avenue, 29th Floor
                    New York, New York 10017
                    (212) 545-4000 Telephone
                    (212) 972-3213 Facsimile

By:    s/John J. Porta
         Mark S. Mancher
         John J. Porta
         Gregory S. Slotnick

*ATTORNEYS FOR DEFENDANT*